# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANNA ARELLANO,<br><br>       Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social<br>Security,<br><br>       Defendant. | NO. CV 17-5073-E<br><br><br><br>MEMORANDUM OPINION |

Plaintiff filed a Complaint on July 10, 2017, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge. Plaintiff filed a motion for summary judgment on April 13, 2018. Defendant filed a motion for summary judgment on May 11, 2018. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed July 20, 2017.

///
///
///

**BACKGROUND**

In 2013, Plaintiff, a former "healthcare administrator," filed an application for benefits alleging disability since August 19, 2006 (Administrative Record ("A.R.") 20, 206-28, 234). This application followed a previous administrative denial of benefits. See id. At the outset of her most recent administrative application, Plaintiff alleged that only physical impairments limited her ability to work. See A.R. 233. Plaintiff did not then allege that any mental impairments limited her ability to work. See id.

Later, an Administrative Law Judge ("ALJ") examined the record and heard testimony from Plaintiff and a vocational expert (A.R. 20-201, 206-417, 421-1682). The ALJ found Plaintiff has certain severe physical impairments but no severe mental impairments (A.R. 23-25). The ALJ determined that Plaintiff retains the residual functional capacity to perform a limited range of light work (A.R. 26-30). In reliance on the testimony of the vocational expert, the ALJ found that a person having this residual functional capacity can perform Plaintiff's past relevant work as a "healthcare administrator" as that work is generally performed (A.R. 30-31, 66-68). Accordingly, the ALJ denied disability benefits (A.R. 31). The Appeals Council denied review (A.R. 1-3).

///
///
///
///
///

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's

findings are supported by substantial evidence and are free from material[1] legal error.

A social security claimant bears the burden of "showing that a physical or mental impairment prevents [her] from engaging in any of [her] previous occupations." Sanchez v. Secretary, 812 F.2d 509, 511 (9th Cir. 1987); accord Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Plaintiff must prove her impairments prevented her from working for twelve continuous months. See Krumpelman v. Heckler, 767 F.2d 586, 589 (9th Cir. 1985), cert. denied, 475 U.S. 1025 (1986). Substantial evidence supports the conclusion that Plaintiff failed to carry her burden in this case.

The nature and extent of Plaintiff's admitted activities supports the conclusion Plaintiff can work. Plaintiff's admitted activities include helping care for her four-year-old grandson, meeting with board members of her former employer, looking for grants for the funding of her organization,, organizing paperwork, calling friends, using her computer, cooking, jarring herbal teas with a friend and (during part of the period of claimed disability) taking college courses (A.R. 62-64, 1640, 1644-45). The performance of such activities bears on a claimant's capacity to work. See, e.g., Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998); Gonzalez v. Harris, 631 F.2d 143, 146 (1980); see also Chavez v. Department of Health and Human Services, 103 F.3d 849, 853 (9th Cir. 1996) (ability to attend school may betray an

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

4

ability to work).

Plaintiff also admittedly sought employment during the period of claimed disability (A.R. 1644). A disability claimant's search for employment during the period of claimed disability can undermine the claim. See Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988) (upholding ALJ's rejection of claimant's credibility where claimant had accepted unemployment insurance benefits "apparently considering himself capable of work and holding himself out as available for work"); Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) (fact that a claimant has sought out employment weighs against a finding of disability); see also Ghanim v. Colvin, 763 F.3d 1154, 1165 (9th Cir. 2014) ("continued receipt" of unemployment benefits can cast doubt on a claim of disability); but see Webb v. Barnhart, 433 F.3d 683, 688 (9th Cir. 2005) ("That Webb sought employment suggests no more than that he was doing his utmost, in spite of his health, to support himself").

Substantial evidence demonstrates that Plaintiff's alleged physical impairments do not disable her. (See, e.g., A.R. 634-45, 879-899, 1265-70, 1278-80, 1290-93, 1323-27, 1356-60, 1588, 1669-82). Plaintiff's motion does not argue otherwise.

Substantial evidence also demonstrates that Plaintiff's alleged mental impairments do not disable her. In addition to Plaintiff's activities, discussed above, the opinions of examining physicians support the conclusion Plaintiff retains sufficient mental and emotional capacity to perform work (A.R. 1634-67). Non-examining

physicians concur (A.R. 99-100, 113-15).  The opinion of a non-examining physician may serve as substantial evidence to support the Administration's residual functional capacity determination when the opinion "'is not contradicted by all other evidence in the record.'"  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (quoting Magallanes v. Bowen, 881 F.2d 747, 752 (9th Cir. 1989) (emphasis in original)); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.") (citing Magallanes v. Bowen, 881 F.2d at 751).  In the present case, the opinions of the non-examining physicians are not contradicted by "all other evidence in the record."

Also significantly, the voluminous medical record contains very little evidence of actual treatment for any alleged mental health problem.  As the ALJ aptly observed, "there is essentially no record of actual psychiatric treatment or care" and "little, if any, contemporaneous medical evidence suggesting that" Plaintiff's mental symptoms, whenever present, "persisted for more than a brief period" (A.R. 24-25).

Some of the medical evidence in the record is in conflict.  However, it is the prerogative of the Administration to resolve such conflicts.  See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001). Where, as here, the evidence "is susceptible to more than one rational interpretation," the Court must uphold the administrative decision. See Andrews v. Shalala, 53 F.3d at 1039-40; accord Thomas v. Barnhart,

278 F.3d at 954; <u>Sandgathe v. Chater</u>, 108 F.3d 978, 980 (9th Cir. 1997).

The vocational expert testified that a person having the residual functional capacity the ALJ found to exist could perform Plaintiff's past relevant work as such work generally is performed. "[A]t least in the absence of any contrary evidence a VE's [vocational expert's] testimony is one type of job information that is regarded as inherently reliable. . . ." <u>Buck v. Berryhill</u>, 869 F.3d 1040, 1051 (9th Cir. 2017); see <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required"). An ALJ properly may rely on vocational expert testimony identifying jobs a claimant can perform. See <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1435-36 (9th Cir. 1995). Such testimony can furnish substantial evidence to support an ALJ's determination that a claimant is not disabled. See <u>Barker v. Secretary</u>, 882 F.2d 1474, 1478-80 (9th Cir. 1989).

Plaintiff argues that the ALJ erred by not adopting the opinions of Gayle K. Windman, a psychologist. Plaintiff characterizes Dr. Windman as a treating physician, while Defendant characterizes Dr. Windman as a non-treating, examining physician.

According to the Ninth Circuit, the "regulatory standard" defining when a physician is a treating physician is both vague and "fact-specific." See <u>Le v. Astrue</u>, 529 F.3d 1200, 1202 (9th Cir. 2008). "It is not necessary, or even practical, to draw a bright line distinguishing a treating physician from a non-treating physician.

Rather, the relationship is better viewed as a series of points on a continuum reflecting the duration of the treatment relationship and the frequency and nature of the contact." Id. at 1201 (citations and quotations omitted). Dr. Windman saw Plaintiff only once and never prescribed any medication for her. Dr. Windman evaluated Plaintiff, sought authorization for treatment of Plaintiff, referred to herself as a "treating" physician and recommended that she become Plaintiff's "treating" physician (A.R. 1593-1621, 1631). However, Dr. Windman's recommendation apparently never resulted in any subsequent treatment of Plaintiff. Therefore, Dr. Windman is more properly characterized as a non-treating, examining physician rather than as a treating physician. See 20 C.F.R. § 404.1502. Consequently, the ALJ need not have explicitly detailed the reasons for rejecting the contradicted opinions of Dr. Windman, a non-treating, examining psychologist. See Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985) ("Nyman") (upholding ALJ's rejection of "the expert opinion of an examining psychologist" despite the fact that the ALJ made the rejection "without stating his reasons for doing so"; ALJ "was not obliged to explicitly detail his reasons for rejecting the psychologist's opinion"); but see Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (stating, contrary to Nyman, that an ALJ may reject an examining physician's opinion only "by providing specific and legitimate reasons that are supported by substantial evidence") (citations and quotations omitted).

In any event, if the circumstances of the present case did require that the ALJ state specific and legitimate reasons for rejecting the opinions of Dr. Windman, the ALJ met this requirement. The ALJ emphasized the virtually nonexistent mental health treatment sought or

received by Plaintiff as well as the medical record's lack of evidence of any persistent, severe mental symptomatology (A.R. 24-25, 29-30). These stated reasons suffice under the circumstances. See, e.g., King v. Commissioner, 475 Fed. App'x 209, 210 (9th Cir. 2012) (holding that "the absence of mental health treatment records" held to be a "clear and convincing" stated reason for rejecting the opinions of an examining psychologist); Tadman v. Berryhill, 2017 WL 1073341, at *5-6 (C.D. Cal. March 21, 2017) (claimant's failure to seek out and receive more than limited mental health treatment after receiving a mental health diagnosis constitutes a specific and legitimate reason for rejecting the opinion of a treating psychiatrist).

Plaintiff also argues that the ALJ erred by finding Plaintiff's alleged mental impairments not severe. Any such error was harmless. Where, as here, the ALJ finds some impairments to be severe and other impairments to be non-severe, the ALJ must consider any limitations or restrictions imposed by the non-severe impairments when assessing the claimant's residual functional capacity. See 20 C.F.R. § 404.1545(a)(2); Buck v. Berryhill, 869 F.3d 1040, 1048-49 (9th Cir. 2017). Thus, the failure to deem Plaintiff's alleged mental impairments to be severe, if error, was harmless to the ALJ's ultimate disability analysis. See id.; see also Molina v. Astrue, 674 F.3d 1104, 1111, 1115 (9th Cir. 2012) (error is harmless when "inconsequential to the ultimate non-disability determination").

Plaintiff has the burden of proving that an error was harmful. See Molina v. Astrue, 674 F.3d at 1111, 1115. Plaintiff has failed to carry the burden of proving the harmfulness of any error argued herein.

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

Dated: May 25, 2018.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE